**ALEJANDRO E. FIGUEROA**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
E-Mail: alejandrof@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOL ACCEPTANCE, LLC,<br><br>　　　　　Defendant. | Case No. 8:21-cv-00101<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JESUS GUTIERREZ ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of SOL ACCEPTANCE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the RFDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing within the Central District of California.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a limited liability company organized and existing under the laws of California and has its principal place of business located at 1424 North Batavia Street, Orange, California 92867. Defendant regularly collects upon consumers located within the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempt to collect upon a defaulted consumer debt that Plaintiff incurred when he purchased a 2010 Ford Edge from Defendant ("subject debt").

10. However, Plaintiff was unable to stay current on his monthly payments and defaulted on his monthly payments to Defendant.

11. As a result of this, in late 2019, Plaintiff began receiving collection calls and text messages to his cellular telephone number, (714) XXX-4918, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4918. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has called and sent text messages to Plaintiff using various phone numbers, including but not limited to (714) 260-6162, (657) 233-9382 and (714) 204-0833.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

15. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

16. Plaintiff, through his contacts with Defendant, was informed that Defendant was attempting to collect upon the subject debt.

17. Upon speaking to Defendant, Plaintiff requested that Defendant cease contacting him.

18. Defendant willfully ignored Plaintiff's request and continued placing phone calls to Plaintiff's cellular phone seeking payment on subject debt.

19. Plaintiff has received not less than 100 phone calls and text messages from Defendant since asking it to stop contacting him.

20. In addition to this, Defendant placed calls to Plaintiff's mother's phone in an attempt to collect upon the subject debt.

21. Plaintiff's mother is not financially liable on the subject debt.

22. In its conversations with Plaintiff's mother, Defendant has disclosed confidential information relating to the subject debt, i.e. the loan balance, to Plaintiff's mother.

23. Defendant has also gone to Plaintiff's mother's residence to repossess Plaintiff's 2010 Ford Edge and have given his mother some paperwork relating to the subject debt.

24. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Upon information and belief, the system employed by Defendant to place phone calls and send text messages to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

31. Defendant violated the TCPA by placing phone calls and sending text messages to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him. Plaintiff received *at least* 100 phone calls and text messages after he asked Defendant to cease contacting him.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff JESUS GUTIERREZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

36. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

37. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

7

### a. Violations of RFDCPA § 1788.10 – 1788.17

38. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

39. Defendant violated 15 U.S.C. §1692b(2) which prohibits, "[a]ny debt collector from communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state location about the consumer shall not state that such consumer owes any debt[.]"

40. Defendant violated 15 U.S.C. §1692b(2) on the multiple instances when it contacted Plaintiff's mother to collect upon on the subject debt and disclosed to her information relating to the subject debt.

41. Additionally under 15 U.S.C. §1692b(3), a debt collector is prohibited from " communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

42. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff's mother on more than one occasion, despite the fact that Plaintiff's mother has no relationship to

8

the subject debt. Defendant employed these tactics in order to exert outward pressure upon Plaintiff.

43. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct. Moreover, Defendant's actions were deceptive and unfair as it continuously led Plaintiff to believe that it had the lawful authority to call Plaintiff.

44. Furthermore, Defendant also violated 1788.17; and §§1692d, e, and f when it contacted Plaintiff's mother to collect upon the subject debt. By continuously calling a third party associated with Plaintiff, Defendant deceptively represented that it has the legal authority to contact third party and disclose information relating to the subject debt.

45. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff JESUS GUTIERREZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: January 19, 2021                    Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-mail: alejandrof@sulaimanlaw.com